

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

January 25, 2022

**Via ECF**
The Honorable District Judge Brian M. Cogan
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Almendarez v. S.V.D. Corp., Inc., et al.**
    **21-CV-4593 (BMC)**

Dear Judge Cogan:

Our office represents Javier Almendarez ("Plaintiff" or "Almendarez") in the above-captioned action and submit this motion jointly with S.V.D. Corp. and Santos Bonilla (collectively, the "Defendants") to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their Court-annexed mediation before mediator Michael Levy, Esq. on January 7, 2022.

**I.   Settlement Terms**

The parties reached a settlement to resolve all claims asserted in this matter for $33,000.00, including attorneys' fees (which are addressed below).

**II.   The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

**a. Plaintiff's Position**

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that he was not paid proper overtime wages when he was required to work in excess of forty (40) hours per workweek and that his regular hourly rate of pay fell below the applicable minimum wage rate.

Plaintiff was employed by Defendants from in or around April 2020 until in or around July 2021 at Defendants' restaurant located at 742 Fulton Avenue, Hempstead, New York 11550. Plaintiff's primary duties were as a food preparer and delivery person while performing other miscellaneous tasks related to his employment.

Plaintiff alleged that during his employment, he was regularly required to work up to fifty-eight (58) hours per week. However, Plaintiff further alleged that he was paid $9.00 per hour for

all hours worked, including those in excess of forty (40) per workweek. As such, Plaintiff claimed that he was entitled to the difference between the applicable minimum wage rate of $13.00 per hour and his regular rate of pay ($9.00) for each hour worked up until forty per week. Plaintiff further claimed that he was entitled to the difference between time-and-a-half the applicable minimum wage rate ($19.50) and his overtime rate of pay ($9.00) for approximately 18 hours of overtime worked per week.

Plaintiff also alleged that he was paid in cash and did not receive compliant wage statements and wage notices in violation of NYLL § 195.

In total, Plaintiff alleged approximately $30,000.00 in unpaid overtime and minimum wages owed, in addition to liquidated damages and statutory penalties.

Although Plaintiff was confident that he could succeed on all of his claims at trial, his preference was for a guaranteed recovery through a carefully-negotiated settlement agreement rather than the risk and uncertainty and delay of continued litigation and proceeding to trial. Plaintiff also considered the records maintained by Defendants and Defendants' financial status in choosing to resolve this matter at this time. Plaintiff believes that the settlement is fair and reasonable as it allows him to recover a substantial amount of his unpaid wages claim and avoids the risks inherent in proceeding to trial.

### b. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $33,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted by each party, the records maintained by Defendants, and the fact that the terms of the Settlement Agreement was only achieved through the assistance of the Court-annexed mediation program before a qualified neutral.

The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, and the amounts of pay received by Plaintiff, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. As such, the settlement amount represents a fair compromise over the outstanding factual disputes that would not have likely been resolved until the time of trial. Moreover, the settlement amount is in excess of Plaintiff's unpaid wage claim – a figure which was strongly contested by Defendants.

### III.  The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc*., No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement ("Release") is carefully-tailored to claims under the FLSA and NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including unknown claims and claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing their experiences litigating this matter as rejected by *Cheeks*. The Settlement Agreement includes a non-disparagement clause, however, it contains a carve-out clause for truthful statements concerning the terms of the Settlement Agreement, regarding the parties' experiences litigating this matter, and/or any truthful statements concerning events or actions occurring after the date of the Settlement Agreement.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are fair and reasonable and comport with the standards articulated in *Cheeks*.

### IV.  Plaintiff's Recovery and Requested Attorneys' Fees

The parties agreed to settle all claims asserted in this matter for $33,000.00.

Plaintiff will recover $21,434.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with his retainer agreement with Plaintiff's counsel. Plaintiff's counsel respectfully requests one-third (33.3%) of the net settlement amount (after expenses have been deducted), or $10,716.00, consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $850.00, for identifiable expenses, which include the following:

- Eastern District of New York filing fee: $402.00,
- the costs of serving Defendants through their process server, PM Legal, LLC: $148.00
- the costs of the EDNY Court-annexed Mediation program: $300.00

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $11,566.00.

**Settlement Amount:** $33,000.00
**Attorneys' Expenses:** $850.00
**Settlement less Expenses:** $32,150.00
**Requested Attorneys' Fees:** $10,716.00 ($32,150.00 / 3)
**Total payable to Attorneys:** $11,566.00 ($10,716.00 + $850.00)
**Total payable to Plaintiff:** $21,434.00 ($33,000.00 - $11,566.00)

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). As such, we respectfully ask that the Court approve Plaintiff's counsel's requested one-third contingency fee of $10,716.00 and reimbursement of expenses in the amount of $850.00.

### V.    Closing

In closing, the parties submit that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of arms-length negotiations at a Court-annexed mediation and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Agreement.

We thank Your Honor for his consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.
*Attorneys for Plaintiff*